UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ELIZABETH A. ALMETER,

                                 Plaintiff,

                  v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                                 Defendant.
_____

<u>DECISION AND ORDER</u>

17-CV-6652L

Plaintiff, appearing pro se, appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

December 30, 2013, plaintiff filed an application for a period of disability and disability insurance benefits, alleging disability beginning October 15, 2013. (Dkt. #8 at 32).[1] Her application was initially denied. Plaintiff requested a hearing, which was held on May 3, 2016 via videoconference before Administrative Law Judge ("ALJ") Michael A. Lehr. Plaintiff appeared at the hearing with her then-counsel, and testified. The ALJ issued an unfavorable decision on May 18, 2016, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #8 at 32-40). That decision became the final decision of the Commissioner when the Appeals Council denied review on July 19, 2017. (Dkt. #8 at 1-4). Plaintiff now appeals.

---

[1] References to page numbers in the Administrative Transcript (Dkt. #8) refer to the internal Bates-stamped numbers assigned by the parties.

The Commissioner has moved for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). (Dkt. #10). Plaintiff, appearing pro se, has not opposed the motion except to file a supplemental medical report which reflects the results of a July 23, 2014 electromyography ("EMG") scan. (Dkt. #13). For the reasons set forth below, the Commissioner's motion (Dkt. #10) is granted, and the Commissioner's decision that plaintiff is not disabled is affirmed.

## DISCUSSION

**I.      Relevant Standards**

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). *See* 20 CFR §§ 404.1509, 404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). *See also Schall v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998).

Here, the ALJ determined that the plaintiff had the following severe impairments: degenerative disc disease of the cervical spine with history of two fusion surgeries, and tension headaches. (Dkt. #8 at 34). The ALJ found that plaintiff was capable of performing sedentary work, with the following limitations: no more than occasional climbing, balancing, stooping, kneeling, crouching and crawling; no climbing of ladders, ropes or scaffolds; no concentrated exposure to temperature extremes, vibration, or work hazards; no more than occasional reaching

overhead with both upper extremities; no more than frequent reaching in other directions with both upper extremities; and limited to simple, unskilled work. (Dkt. #8 at 35). When asked at the hearing whether there are positions in the economy that can be performed by an individual with these limitations, vocational expert Amy L. Salva testified that such a person could perform the positions of document scanner, circuit board assembler, and sedentary packager. (Dkt. #8 at 39). The ALJ accordingly found that plaintiff, 42 years old at the time of her application and with a high school education, was not disabled.

Because plaintiff has not filed any substantive opposition to the Commissioner's pending motion, the Court has strived to glean the nature of plaintiff's objections to the ALJ's decision from the complaint and from her submission of an additional medical report, and has examined the entire record in an effort to identify any deficiencies in the ALJ's findings. Upon review, the Court finds that the Commissioner's decision is supported by substantial evidence, and was not the product of legal error.

Plaintiff alleges in her complaint that she has "nerve damage in [her] arms causing weakness[,] burning[,] tingling[,] constant headaches, [and] muscle knots in [her] neck, [and that she is] unable to lift, carry, push [or] pull[, and is] unable to do any activity that is jolting." (Dkt. # 1 at 1-2). In response to the Commissioner's motion for judgment on the pleadings, plaintiff filed a copy of a July 23, 2014 EMG scan which showed "mild, chronic lower cervical spine radiculopathy" (nerve root compression) and "mild carpal tunnel syndrome" of the right hand. (Dkt. #13).[2]

---

[2] The EMG scan results are not entirely new evidence, and do not contradict the ALJ's findings. They were described in the records of plaintiff's treating orthopedist, Dr. Cameron Huckell (Dkt. #8 at 257), and were explicitly referenced, discussed and affirmatively relied-upon by the ALJ in his decision. (Dkt. #8 at 37, "[a] post-operative EMG revealed only mild chronic lower cervical radiculopathy involving the C6 and C8 nerve roots").

To the extent that plaintiff objects to the RFC determined by the ALJ, which concluded that plaintiff has the ability to, among other things, occasionally reach overhead and frequently reach in other directions, and can perform sedentary work (lift, carry, push and pull up to ten pounds), substantial evidence supports the ALJ's findings.

In determining plaintiff's RFC, the ALJ noted that physical examinations of plaintiff by her treating physiatrist, Dr. Clifford Ameduri, have consistently shown largely intact motor strength (variously rated 4/5 and 5/5), and intact sensation in both arms. (Dkt. #8 at 292, 297, 300-301, 305, 309, 311, 317, 337). A February 27, 2014 report by consulting osteopath Dr. Donna Miller, conducted only six weeks after plaintiff's fusion surgery, similarly showed 4+/5 strength in the upper extremities, 5/5 grip strength, and intact finger dexterity. (Dkt. #8 at 231-32). In assessing the medical opinions of record, the ALJ gave "little weight" to the opinion of plaintiff's treating orthopedist, Dr. Cameron B. Huckell, that plaintiff was 80% partially disabled for New York State Workers' Compensation purposes, noting that it was nothing more than a conclusory finding as to the ultimate issue of disability, and was not rendered using the standards applicable to Social Security disability claims. (Dkt. #8 at 37). The ALJ did, however, rely on Dr. Huckell's objective functional findings after plaintiff's January 2014 surgery, which included the ability to lift and carry ten pounds and perform "limited" "overhead activities," 5/5 strength in both arms, and normal sensation in all areas of plaintiff's extremities except for three fingers, which had reduced sensation. (Dkt. #8 at 349, 352). Examining neurologist Dr. Kalyan Shastri also found during an October 13, 2015 examination that plaintiff had normal strength, sensation and reflexes in her extremities. (Dkt. #8 at 326).

A claimant "cannot demonstrate a disability based entirely on a statement of pain or other symptoms, but rather 'must prove physical or mental impairment resulting from abnormalities

demonstrable by medically acceptable clinical and laboratory techniques.'" *Gallagher v. Schweiker*, 697 F.2d 82, 84 (2d Cir. 1973) (quoting 42 U.S.C. §423(d)(3)). Here, the record contains no objective evidence to support plaintiff's contention that she has "nerve damage" in her arms which is so extensive that it renders her unable to use them even for a limited range of sedentary work, or that she is otherwise totally disabled. Because the objective measurements of plaintiff's upper extremities by treating and consulting physicians show no appreciable limitations, and because the record does not contain objective evidence of any other limitations that have not already been accounted-for in the RFC determined by the ALJ, I find that the ALJ's RFC determination was supported by substantial evidence. I find no reason to vacate it.

## CONCLUSION

For the reasons set forth above, the Commissioner's motion for judgment on the pleadings (Dkt. #10) is granted, and the complaint is dismissed, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 29, 2018.

5